IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CORNELL UNIVERSITY, *et al.*,<br><br> *Plaintiff*,<br><br>v.<br><br>AT&T INC., *et al.*,<br><br> *Defendants*. | § § § § § § § § § § § § § §<br><br>Case No. 2:25-cv-00054-JRG-RSP<br>(Lead Case) |

## **DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties[1] to this action, it is ORDERED AS FOLLOWS:

**1.**   **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

 (a)   the correct names of the parties to the lawsuit;

 (b)   the name, address, and telephone number of any potential parties;

 (c)   the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

---

[1] The term "party" or "parties" in this Order means Plaintiffs Cornell University and Cornell Research Foundation, Inc., Defendants Cellco Partnership d/b/a Verizon Wireless, Verizon Business Network Services LLC, Verizon Corporate Services Group Inc., AT&T Enterprises, LLC, AT&T Mobility LLC, AT&T Mobility II LLC, and AT&T Services, Inc.

(d)     the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e)     any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f)     any settlement agreements relevant to the subject matter of this action; and

(g)     any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.**[2] A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

(a)     if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b)     for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

---

[2] All expert reports should be written such that the report is organized with discrete paragraph numbers.

3. **Additional Disclosures.** Without awaiting a discovery request,[3] each party will make the following disclosures to every other party:

(a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

    i. If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

    ii. If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to

---

[3] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

    the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c)   provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. **Protective Orders.** The Parties are currently negotiating a Protective Order and will file either an Agreed Protective Order or a disputed Protective Order and accompanying Motion for Entry of the Protective Order.

5. **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with the following limitations. Any party may later move to modify these limitations for good cause. "Side" means Plaintiff or the group of all Defendants (including any intervening party). A Defendant Group is the group of commonly accused Defendants identified in a single complaint.[4]

(a)   *Interrogatories*:

  i.   Each side may serve up to twenty (20) common interrogatories. Additionally, Plaintiffs may serve up to fifteen (15) individual

---

[4] Cellco Partnership D/B/A Verizon Wireless, Verizon Business Network Services LLC, and Verizon Corporate Services Group Inc. constitute a single "Defendant Group" for the purposes of this Order. AT&T Enterprises, LLC, AT&T Mobility LLC, AT&T Mobility II LLC, and AT&T Services, Inc. constitutes a single "Defendant Group" for the purposes of this Order.

        interrogatories on each Defendant Group, and each Defendant Group collectively may serve up to fifteen (15) individual interrogatories to Plaintiffs.

   ii.    For purpose of clarity, an interrogatory or other discovery request served on each party shall be counted as a single request and not multiple requests, even if multiple entities are part of the party. Defendants shall make their best efforts to coordinate requests so as to avoid duplicative efforts.

(b)   *Requests for Admission*:

   i.    Plaintiffs may serve up to forty (40) requests for admission on each Defendant Group.

   ii.    Each Defendant Group may serve up to forty (40) requests for admission to Plaintiff.

   iii.    Notwithstanding the limitations of 5(b)(i) and (ii), any party may serve an unlimited number of requests for admission that seek an admission as to (a) the authenticity of a particular document or thing, (b) the admissibility of a particular document or thing, and/or (c) whether a document qualifies as a printed publication under 35 U.S.C. § 102. Requests for admission under this subsection must be separately numbered and separately served.

   iv.    The parties shall meet and confer in good faith prior to serving any requests for admissions directed solely to the authentication of documents and things to determine whether the requests are necessary and/or reasonable. Prior to serving any request for admission regarding the admissibility or authentication of documents, each party agrees to request that the opposing

party stipulate to the admissibility or authentication of such documents. If the opposing party fails to stipulate to the admissibility or authentication of all such documents within two weeks of such request for stipulation, the requesting party may serve on the opposing party requests for admission on all documents whose admissibility or authentication has not been stipulated.

(c) *Fact Depositions Under Fed. R. Civ. P. 30(b)(1), 30(b)(6) and 45*:

  i. Plaintiffs may take up to 70 total hours of deposition testimony (inclusive of both 30(b)(1) and 30(b)(6) depositions but excluding experts) of each Defendant Group.

  ii. The Defendant Groups collectively may take up to 60 hours of deposition of Plaintiffs, and in addition to the collective deposition hours, each Defendant Group may take up to an additional 10 hours of deposition testimony of Plaintiffs (the collective and additional individual hours inclusive of both 30(b)(1) and 30(b)(6) depositions but excluding experts).

  iii. For party witnesses, no more than seven (7) hours of fact deposition shall be taken of any natural person deposed in his or her personal capacity (*i.e.*, not a designee of an entity under Fed. R. Civ. P. 30(b)(6)). Unless otherwise stipulated, ordered, or set forth in this order, no more than seven (7) hours of fact deposition may be taken of one person in one day without the consent of the deponent. The parties shall seek to limit each witness to one appearance where possible by, for instance, not serving duplicative 30(b)(6) notices covering the same or reasonably foreseeable topics. Similarly, where possible, the parties shall seek to depose a single witness in their

|      | |
|------|--|
|      | 30(b)(6) capacity and 30(b)(1) capacity in a single appearance so that any witness who appears as a 30(b)(6) designee shall not thereafter also be noticed for a 30(b)(1) deposition. |
| iv.  | The Parties shall endeavor to limit the deposition of any party fact witness under 30(b)(6) to one seven-hour day when possible based on the subject of the deposition. |
| v.   | With respect to fact depositions of common interest among the Defendants (*e.g.*, depositions of Plaintiffs or certain third parties), the Defendants agree that each deposition will be conducted jointly by the Defendant Groups. |
| vi.  | The Parties agree to meet and confer in good faith to determine appropriate logistics, including whether more than seven (7) hours is necessary and whether the deposition will need to span multiple days to accommodate the witness. Any party may later move to modify these limitations for good cause. |
| vii. | Each Side may conduct sixty-five (65) hours of nonparty depositions. Third-party depositions shall be subject to the 7-hour duration limits specified under the Federal Rules. |
| viii.| The Parties shall be limited to no more than six (6) testifying experts per Plaintiffs or per Defendant Group. |
| ix.  | Depositions conducted via translation shall be entitled to additional record time, resulting in a total of no more than 10 hours of record time with a deponent whose deposition is occurring with the assistance of a translator. For purposes of calculating record time per paragraph (i) above, translated |

7

                    deposition record time shall count as half actual of time on the record (e.g., 2 hours of translated deposition in real time shall be counted as 1 hour of record time for the purposes of paragraph (i)).

        x.      Each party reserves the right to seek an adjustment of these time limits based upon changes to the scope of discovery, or the addition or dismissal of any parties, in this case. These provisions, further, may be amended by agreement of the parties. The parties shall coordinate depositions to reduce redundancy and inconvenience to the parties.

(d)    *Expert Depositions*:

        i.      Depositions of experts are not included in the hour limitations set forth above.

        ii.     Any deposition of an expert witness will be limited to seven (7) hours per witness per report group (*i.e.*, opening report and rebuttal reports, if any). For the purpose of this provision, if Plaintiff's expert serves a common report concerning invalidity on multiple Defendant Groups, the Defendant Groups are permitted to depose that expert for 5 common hours collectively and an additional 3.5 hours per each Defendant Group. Likewise, if an expert provides a report with opinions common to multiple Defendant Groups concerning invalidity, Plaintiffs shall be entitled to depose that expert for 12 hours.[5]

---

[5] If an expert offers additional opinion on one or more substantive issues in a supplemental expert report after that expert has already been deposed in this case, the parties agree that the expert may be deposed for an additional number of hours which is to be negotiated in good faith by the parties.

8

  (e)  *Deposition Notices, Locations, and Coordination: Depositions*:

    i.  Defendants shall use their best efforts to coordinate their depositions so that witnesses do not have to be deposed at different times by different Defendant Groups.

    ii.  Depositions may be conducted virtually, through remote video, at the request of the deposing party. Unless otherwise agreed, depositions of plaintiff and defendants and their respective employees and experts shall take place in the deponent's city of residence and at a mutually agreeable time for the parties, or where the party's attorneys have an office at the witness's discretion. The parties shall meet and confer in good faith to schedule depositions under Fed. R. Civ. P. 30(b)(6) at a time and place that is mutually convenient for the deponent and the parties.

    iii.  Each side shall make a good faith effort to work together to avoid the need for duplicative depositions and other discovery and to coordinate discovery where possible to avoid subjecting any person to repeated depositions and ensuring that a witness is not recalled absent good cause.

Any party may later move to modify these limitations for good cause.

6.  **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess

9

the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. However, if the party asserting privilege seeks an *in camera* review by the Court, such party shall first obtain leave from the Court prior to delivery of documents to the Court.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

    (a)  Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures,

serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b) An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d) Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's

        lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

    (e)    Any change to a party's lead attorney designation must be accomplished by motion and order.

    (f)    Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.    **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11.    **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12.    **Proposed Stipulations by the Parties Regarding Discovery.**

    (a)    Service by Electronic Mail: The parties agree to accept service of correspondence, documents filed under seal, written discovery requests, responses to written discovery requests, and other documents (except in the case of documents required to be filed with the Court electronically, the service of which is governed by the Local Rules, or documents that are too voluminous for email) in PDF format via email. Where a document is too large to serve by email, the serving party shall send an email notice providing instructions for downloading the document via FTP or

|     | |
| --- | --- |
| | similar file transfer service. The parties will make all reasonable efforts to serve all documents electronically. |
| (b) | Service in MS-Word. Interrogatories, requests for admission, and deposition notices should be promptly provided in Microsoft Word format in addition to PDF format upon request by the receiving party. |
| (c) | Third-Party Discovery: A party who serves a subpoena in this matter on a third party shall at or about the same provide a copy to all other applicable parties. A party who receives documents from a third party pursuant to a subpoena will reproduce those documents to the other party(s) as soon as practicable and at most no later than within three (3) business days after receiving the documents. Where reproduction of documents within three business days is not possible, the party who received the documents will provide prompt notice to the other party and will work in good faith to resolve the issue on a case-by-case basis. If a third-party document production is made within five (5) business days of a deposition of that third party, the receiving party shall produce those documents immediately and without delay to opposing counsel. The parties agree to consult with each other before confirming any third-party deposition with a third party. A party may not unreasonably withhold proposed third-party deposition dates. |
| (d) | Exception to the Obligation to Log Privileged Documents: Notwithstanding paragraph 6 of this Order, the parties are not required to identify on a privilege log any documents or information withheld as privileged or protected that were created after the filing date of the Complaints. The parties are further not required to identify on a privilege log any communications solely with counsel of record in this |

case or persons employed by or working at the direction of counsel of record in this case.

(e) ESI Order: Consistent with the Court's Model E-Discovery Order, the parties shall meet and confer regarding discovery of Electronically Stored Information. Production of email will be addressed in the ESI Order. In the meantime, email need not be produced or logged in a privilege log except as provided for in an ESI Order agreed to by the parties and/or entered by the Court.

(f) Metadata: The parties agree to include the following production file metadata or its equivalent. The parties may further modify this information in the forthcoming ESI Order submitted to the Court.

| Field Name | Field Description |
|---|---|
| BEGBATES | Beginning bates number as stamped on the production image. |
| ENDBATES | Ending bates number as stamped on the production image. |
| BEGATTACH | Unique number identifying the first page or first document of a document attachment(s). |
| ENDATTACH | Unique number identifying the last page or last document of a document attachment(s). |
| PRODVOLUME | Identifies production media deliverable. |
| AUTHOR/FROM | Author from the properties of the document. |
| FILENAME | Filename of an electronic document (EDO or attachment) |
| DATEMOD | Date an electronic document was last modified or created (format: MM/DD/YYYY) (Edoc or attachment). |
| DATECREATED | Date the document was created (format: MM/DD/YYYY) (Edoc or attachment). |

(g) Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of privileged documents, electronically stored information ("ESI"), or other information is not a waiver of the privilege or protection from discovery in this or in any other federal, state or board proceeding. A party may request that

inadvertently produced privileged documents be returned and/or destroyed. The receiving party shall immediately return, destroy, or sequester all accessible copies and make reasonable efforts to retrieve the information, if the receiving party disclosed it. For the purposes of this paragraph, copies made by the routing operation of an automated disaster recovery system are not accessible. Further, a receiving party shall immediately notify the product party upon discovery of information that appears on its face to have been inadvertently produced and shall not use, copy, or distribute the information, pending confirmation from the producing party that the information as inadvertently produced. Upon confirmation, the receiving party shall comply with the other obligations of this paragraph. The provisions of the forthcoming Protective Order in this case will govern.

(h) Depositions pursuant to Fed. R. Civ. P. 30(b)(6). Unless otherwise agreed, the party being deposed will disclose to the other side both the corporate representative (by name and title) and the 30(b)(6) topic(s) for which that representative will be designated on behalf of the party at least two weeks before the agreed date of a deposition pursuant to Fed. R. Civ. P. 30(b)(6), or as soon as possible if good cause under the circumstances prevents disclosure at least two weeks before the agreed deposition date.

(i) Discovery of Expert Materials: The parties agree to the limitations of Federal Rule of Civil Procedure 26 regarding the discovery of expert materials. To the extent not already covered by Federal Rule of Civil Procedure 26, the parties further agree to the following limitations regarding the discovery of expert materials:

i. No conversations or communications between or including any Party or its counsel and any testifying or non-testifying expert, or between or including any testifying expert and any non-testifying expert, including emails, written agreements, or correspondence, and notes or outlines pertaining thereto, whether drafted or occurring in connection with this Action or any prior or pending investigation, litigation, or proceeding (including inter partes review or reexamination proceedings before the USPTO), will be subject to discovery or examination at any deposition, hearing, or trial unless the conversations or communications are relied upon by a testifying expert in formulating his or her final report or any opinion in this Action.

ii. All materials generated by any testifying expert in connection with this Action are exempt from discovery, unless relied upon by a testifying expert in formulating his or her final report or any opinion in this Action. Testifying experts shall not be subject to discovery or examination at any deposition, hearing, or trial on any draft of their expert reports, draft declarations, and draft affidavits, nor notes or outlines pertaining thereto, whether drafted in connection with this Action or any prior or pending investigation, litigation, or proceeding (including inter partes review or reexamination proceedings before the USPTO). The above does not preclude questions regarding the process for preparation of the Expert Reports.

iii. Discovery of materials provided to testifying experts, whether provided in connection with this Action or any prior or pending investigation, litigation,

or proceeding (including inter partes review or reexamination proceedings before the USPTO), shall be limited to those materials, facts, non-testifying expert opinions, and other matters actually relied upon by a testifying expert in formulating his or her final report or any opinion in this Action.

iv. Non-testifying experts shall not be subject to discovery, except to the extent a testifying expert is relying on the work or opinions of a non-testifying expert in formulating his or her final report or any opinion in this Action. Where a testifying expert is relying on the work or opinions of a non-testifying expert, discovery can be taken from the non-testifying expert with the same limitations that apply to testifying experts, but discovery shall be limited to the information provided to the testifying expert that the testifying expert is relying on in formulating his or her final report or any opinion in this Action and the basis for such information.

13. **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's websiteat http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein.

**SIGNED this 11th day of April, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE