## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| CORNELL UNIVERSITY and CORNELL RESEARCH FOUNDATION, INC., | |
| Plaintiffs, | Case No. 2:25-cv-00054-JRG-RSP |
| v. | (Lead Case) |
| AT&T INC., *et al.*, | |
| Defendants. | |
| CORNELL UNIVERSITY and CORNELL RESEARCH FOUNDATION, INC., | |
| Plaintiffs, | Case No. 2:25-cv-00055-JRG-RSP |
| v. | (Member Case) |
| VERIZON COMMUNICATIONS INC., *et al.,* | |
| Defendants. | |

## <u>PROTECTIVE ORDER</u>

WHEREAS, Plaintiffs Cornell University and Cornell Research Foundation, Inc. ("Cornell") and Defendants AT&T Enterprises, LLC, AT&T Mobility LLC, AT&T Mobility II LLC, AT&T Services, Inc., Cellco Partnership d/b/a Verizon Wireless, Verizon Business Network Services LLC, and Verizon Corporate Services Group Inc. (collectively, "Defendants"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.  Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it ("Producing Party") by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE." The phrase "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," and/or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) and/or on a slip-sheet bearing the bates number of the native document, which shall be appended to the native document when being used in a deposition or in a filing with the Court for which such protection is sought. For deposition and hearing transcripts, the phrase "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL "RESTRICTED – OUTSIDE ATTORNEYS' EYES

ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE."

2.      Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "CONFIDENTIAL," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" shall receive the same treatment as if designated "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.      With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) expert reports; and (f) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.      A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents,

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

information or material that has not been designated as DESIGNATED MATERIAL, or has been designated at a different level of protection (e.g., as "CONFIDENTIAL" instead of "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY"), shall not be deemed a waiver in whole or in part of a claim for confidential treatment, or of a claim for confidential treatment in accordance with a higher designation. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL, or designating it as a lower level of DESIGNATED MATERIAL than desired, may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material containing information or extracts derived from or based on the Protected Material in accordance with the new designation, and shall make reasonable efforts to retrieve any copies of the inadvertently or unintentionally produced Protected Material, as well as any and all documents, information or material containing information or extracts derived from or based on the Protected Material, from any persons not entitled to have possession of such materials based on the new designation. A party receiving the information ("Receiving Party") who, prior to the new designation, distributed Protected Material to persons who were entitled to receive copies as originally produced but are not entitled to possess copies under the new designation, shall incur no liability as the result of such distribution or as a result of an inability, despite reasonable efforts, to retrieve the Protected Material from such persons.

5.    Documents, information and material designated "CONFIDENTIAL" may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

(a)    outside counsel of record in these Actions for the Parties;

(b)    personnel of such outside counsel's law firm assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)    in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action, including in-house paralegals and in-house e-Discovery personnel assisting said in-house counsel;

(d)    up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, provided that the name and title of the designated representative(s) are disclosed at least seven (7) days before access to the Protected Material is to be given to the designated representative(s) so that the Producing Party may object to and notify the Receiving Party in writing that it objects to disclosure of Protected Material to the designated representative(s). The Parties agree that objections shall have reasonable bases and to promptly confer and use good faith to resolve any such objection within three (3) business days. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within five (5) business days of reaching impasse concerning the noticed objection, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order. Either party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e)    outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the Producing Party (together with (i) a current curriculum vitae of the consultant or expert, (ii)identification of his/her current employer(s), and (iii) a listing of all proceedings[2] in which the expert has offered either written or oral

_____

[2] For the avoidance of doubt, this includes any proceeding at the U.S. Patent and Trademark Office or at the U.S. International Trade Commission.

opinions or testimony (at trial or deposition) in the last four (4) years, at least ten (10) days before access to the Protected Material is to be given to that consultant or expert so that the Producing Party may object to and notify the Receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert.[3] The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within ten (10) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)    independent litigation support services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action, including persons working for or as court reporters, videographers, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services;

(g)    the Court and its personnel;

(h)    the author(s) or recipient(s) of a document containing the DESIGNATED MATERIAL or a custodian or other person who otherwise possessed or personally knows the information;

(i)    any witness in a deposition or trial providing sworn testimony where the use of such DESIGNATED MATERIAL is necessary for the purpose of examining that witness. The examining Party/ies shall give the other Parties notice immediately prior to using DESIGNATED MATERIAL in or at a deposition, hearing or other proceeding so that the other Parties can ensure that only authorized individuals are present for that portion of those proceedings, and shall again give prompt notice when use of the DESIGNATED MATERIAL has ended so that excluded persons can be recalled. Use of DESIGNATED MATERIAL with a witness shall be subject to the limitations outlined in paragraph 13 herein;

(j)    any mutually agreed upon mediator who is assigned to hear this matter, and his or her staff, subject to each such person's written agreement to maintain the confidentiality of DESIGNATED MATERIAL to the same degree as required by this Protective Order; and

---

[3] If such consultant or expert reasonably believes any of this information is subject to a confidentiality obligation to a third-party, then s/he should provide whatever information can be disclosed without violating any confidentiality agreements and note in the disclosure that s/he reasonably believes other information is subject to a confidentiality obligation to a third-party. The producing and receiving Parties may meet and confer regarding the withheld information.

(k)     mock jurors under the supervision of professional jury or trial consultants.

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a third party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.     For the avoidance of doubt, licenses regarding the asserted patents which may be relevant to damages and settlement negotiations shall be designated "CONFIDENTIAL" and accessible to individuals in Section 5.

8.     Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

9.     To the extent a Producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the Producing Party may designate such Protected Material "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes

computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the Producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

10.     For Protected Material designated RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and(e-j).

11.     For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a)     Access to a Party's Source Code Material shall be provided on at least one "stand-alone" computer"), and the parties shall meet and confer in good faith if the Requesting Party seeks an additional "stand alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) that is password protected, maintained in a secure, locked area that is a standard office environment, and disabled from having external storage devices attached to it (the "Source Code Computers").

(b)     Each Source Code Computer shall have adequate peripheral devices and specifications, including displays at least 24" diagonal measurement, separate keyboards, mouses, memory, and processing power adequate for an efficient review.

(c)     Except as otherwise provided in Section 10, the Receiving Party will not copy, remove, or otherwise transfer any portion of the Source Code Material from the Source Code Computer including, without limitation, copying, removing, or transferring any portion of the Source Code Material onto any other computers or peripheral equipment. All persons entering the locked room containing the Source Code Computer(s) must agree to submit to reasonable security measures to insure they are not carrying any prohibited items before they will be given access to the locked room;

(d)     The Source Code Computers will be made available for inspection at the offices of outside counsel or any other mutually agreed-upon location, until the close of expert discovery. The parties shall cooperate and meet and confer in good faith to jointly coordinate the location of Source Code Computers. The Source Code Computers shall be available during normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m., in the time zone of the location of the Source Code Computers, on business days (i.e. weekdays that are not Federal or local holidays). However, upon reasonable notice from the Receiving Party, the

Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the Source Code Computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action. No Defendant shall be required to make Source Code available for inspection prior to the date set forth in the Court's scheduling order for producing documents;

(e)  Prior to the first inspection of any requested Source Code Material, the Receiving Party shall provide at least ten (10) days' notice inspections of the Source Code Material that it wishes to inspect, but the Receiving Party will work in good faith to provide earlier notice. Thereafter, the Receiving Party shall provide reasonable written notice to the Producing Party, which shall not be less than three (3) business days. In the event a Receiving Party intends to continue its review to the next business day, beyond the dates initially requested it shall provide written notice by 12:00 p.m. (local time at the review location). Such notice shall include the names and titles for every individual from the receiving Party who will attend the inspection and the expected time per day they are expected to review. The Producing Party may maintain a daily log of the names of persons who enter the rooms to view the Source Code and when they enter and depart. The Producing Party shall be entitled to have a person observe all entrances and exits from the room containing the Source Code Computer(s);

(f)  The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the Source Code Computer(s) in order to access the produced Source Code Material on the Source Code Computer(s).

The Producing Party will produce Source Code Material in computer searchable format on the Source Code Computers as described above and upon reasonable request from the Receiving Party will install reasonable search and analysis tools requested by the Receiving Party. If these tools require a license which is not previously held by the Producing Party, the Receiving Party shall provide the Producing Party with a CD or DVD or downloadable link containing the licensed software tool(s) at least five (5) days in advance of the date upon which the Receiving Party wishes to have the licensed software tool(s) available for use on the Source Code Computer(s).

(g)  Should the producing Party install Source Code Material on the Source Code Computers anytime after the receiving Party has begun inspecting the Source Code Material, each set of additional Source Code Material shall be located within a separate file folder, which is titled with at least the date the Source Code Material was installed on the Source Code Computers, such that the receiving Party is able to identify the files produced on a particular occasion based on their location within the date-titled folder. Further, absent prior agreement of the parties, the producing Party will not remove any Source Code Material from the Source Code Computers

anytime after the receiving Party has begun inspecting the Source Code Material

(h) Source code reviewers are permitted to bring paper and pen to take notes while in the source code review room. Each person authorized to access source code may also use a laptop computer in the secure room for the sole purpose of typing notes related to the source code review; provided, however, that said laptop does not have picture taking or video recording capability turned on and is disconnected from WiFi and the Internet while inside the room with the Source Code Computers, and provided further that outside of the inspection, such notes are securely stored on the laptop by the Receiving Party in a manner consistent with the provisions of this Order. The Receiving Party's outside counsel and/or expert may not copy any portion of the Source Code Material into notes. For avoidance of doubt, Receiving Party's Outside Counsel and/or experts may include file names, line numbers, the names of functions and variables, and quotations from "code comments" in their notes. Any notes relating to the Source Code Material will be treated as "RESTRICTED CONFIDENTIAL SOURCE CODE." The Producing Party may visually monitor the activities of the Receiving Party's representative(s) during any Source Code review from a location external to the review room, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code Material. In so doing, the Producing Party will not monitor, listen in on, or otherwise inhibit the Receiving Party's privileged communications or note-taking in the Source Code Review Room, and the Producing Party's supervision will not, by itself, be deemed to cause any waiver or other loss of any privilege covering such notes or communications. Unless otherwise agreed in advance by the Parties in writing, following each inspection, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information. The Producing Party shall not be responsible for any items left in the review room following each inspection session.

(i) Absent agreement otherwise, access to Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to (i) outside counsel (including personnel of such outside counsel's law firm assigned to and reasonably necessary to assist such counsel in the litigation of this Action); (ii) up to five (5) outside consultants or experts[4] (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to Paragraph 6(d) above.

(j) A Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court

---

[4] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others to help in his or her analysis shall count as a disclosure to a single consultant or expert.

document, correspondence including e-mail to/from counsel or persons approved to access RESTRICTED CONFIDENTIAL SOURCE CODE, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders. In no case shall any information designated as RESTRICTED CONFIDENTIAL SOURCE CODE by a Defendant or by any future intervenor be provided to any other Defendant, intervenor, or their counsel, by any Party or counsel absent explicit written agreement from the Producing Party;

(k)    To the extent portions of Source Code Material are quoted in a in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(l)    Except as set forth in paragraph 10(j) and (m), no electronic copies of Source Code Material shall be made without prior written consent of the Producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically, including any drafts of such documents. The Receiving Party shall only make additional paper copies of selected excerpts of the Source Code if such additional copies are reasonably necessary for any filing with the Court or service of any pleading or other paper on any party;

(m)    The Receiving Party shall be permitted to request that the Producing Party make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE." The Producing Party will comply with all such requests for printouts within five (5) business days of the request (and shall endeavor to provide them in 3 business days), and shall provide two (2) photocopies of such printed Source Code Material. The Producing Party may maintain a log of all such files that are printed or photocopied. The Producing Party will strive to accommodate shorter turnaround requests. In no event may the Receiving Party print any continuous block of Source Code that results in more than 35 continuous printed pages, or an aggregate total of more than 1500 pages, for each Producing Party's Source Code, during the duration of the case without prior written permission of the Producing Party, and the Producing Party shall not unreasonably withhold or delay such permission. The parties will work in good faith if any party needs to print additional pages. The printed pages shall constitute part of the Source Code Material produced by the Producing Party in this action. At the Receiving Party's request, up to two additional sets (or subsets) of printed source Code may be requested, and the Producing Party shall provide the additional sets by overnight mail or other mutually agreed method within three business days after receiving the request. Should the Producing Party believe in good faith a request for printed

source code to be unreasonable, the parties will meet and confer within three (3) business days of the request for printed material. If, after a meet and confer, agreement is not reached, the parties will jointly submit the dispute to the Court for resolution within three (3) business days of the unsuccessful meet and confer. Such contested source code printouts need not be produced to the Receiving Party until the matter is resolved by agreement or Court order;

(n)     If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the Receiving Party shall ensure that such outside counsel, consultants, or experts shall keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceeding(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition), provided that such are kept in a secure manner that ensures access is limited to the persons authorized under this Order;

(o)     A Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under Paragraph 9 above to another person authorized under Paragraph above, on paper via hand carry, Federal Express or other similarly reliable courier. Receiving Party Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet;

(p)     A Producing Party may, at its election, prohibit a Receiving Party's source code reviewer(s) from bringing electronic devices (other than medical devices) into the room containing the stand-alone computer. If the Producing Party so elects, the Producing Party must provide (1) a separate, secure, and substantially private workspace convenient to the review room for use by the Receiving Party's reviewer(s) to store and use electronic devices; and (2) a note-taking laptop located in the review room. The note-taking laptop must be equipped with Microsoft Word and Microsoft OneNote, or (after reasonable notice to the reviewing Party) equivalent software. The Producing Party must provide for any reviewer to load notes, including electronic documents, onto the note-taking laptop prior to a review session and to retrieve notes from the note-taking laptop after a review session, for example by supervised use of a USB storage device. All notes, whether electronic or otherwise, will remain protected as work product. The note-taking laptop computer will not track, keep any file histories of, or otherwise record notes generated by the Reviewing Party, including through any keyloggers, tracking software, or recording software;

(q)     For depositions, three (3) days before the date of the deposition, the Receiving Party shall notify the Producing Party about the Source Code printouts it wishes to

12

be available at the deposition, and which the Producing Party shall make available to the witness at the deposition. The Producing Party shall endeavor to accommodate requests made on shorter notice. Absent other agreement among the parties, the Receiving Party will ensure that its counsel have any needed Source Code printouts, and the Producing Party will ensure its counsel and its witnesses have any needed Source Code printouts. In the event air travel is needed for a deposition, the Source Code Printouts shall be carried on and not placed in checked luggage by the traveling attorney or witness. Furthermore, for depositions of persons eligible to view Source Code Material, at least one week in advance of the deposition, the Receiving Party shall notify the Producing Party if the Receiving Party wishes to have the Producing Party make a Source Code Computer available at the deposition. Any deposition where a Source Code Computer is requested shall take place in person at a mutually agreed-upon location in the city where the witness is located or willing to appear. During the deposition, the screen and/or contents of the Source Code Computer shall not be recorded. The Source Code Computer made available at the deposition shall include appropriate software analysis tools as discussed above, provided the Receiving Party has, at its expense, provided the supplier with a license for such software tool in sufficient time to have it properly loaded on the deposition source code computer; and

(r)    Copies of Source Code printouts that are used as deposition exhibits shall not be provided to the Court Reporter or attached or deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

12.    Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is (i) of a technical nature and designated RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY and/or ( i i ) RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives (unless sent unsolicited by the Producing Party), has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the Patents-in-Suit on behalf of the Receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance

with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit. Nothing in this Order shall preclude a person with access to HIGHLY SENSITIVE MATERIAL from working on or participating in, directly or indirectly, an *ex parte* reexamination, a post grant proceeding, or an *inter partes* review proceeding involving or related to the Patents-in-Suit or to the field of invention of the Patents-in-Suit, provided that the individual is not involved in the drafting or amending of claims or in the reviewing or providing of instruction with respect to the drafting or amending of claims in such action or proceeding.

13.    The parties agree that the parties shall not be required to log any privileged documents created on or after the date of the Complaint in each of the cases in this Action.

14.    Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly

notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party. The recipient(s) shall gather and return all copies of such documents, information or other material, or destroy and certify the destruction of same to the Producing Party, and make every effort to further prevent unauthorized disclosure and secure the agreement of any recipient not to further disseminate the protected material in any form. The Producing Party shall then promptly provide a redacted version of the inadvertently produced document redacting any part of the document that the Producing Party contends is privileged.

15. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities. If a Receiving Party or person authorized to access Protected Material ("Authorized Recipient") discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another party's Protected Material, the Receiving Party or Authorized Recipient shall: (1) promptly stop the unauthorized breach, if possible; (2) promptly (within 72 hours of discovery, if possible) provide written notice to Producing Party of such breach, including information regarding the size and scope of the breach; and (3) investigate and make reasonable efforts to remediate the effects of the

breach. In any event, the Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate any unauthorized access.

16. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that, absent the designating Party's prior consent, the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the Producing Party or a current or former officer, director or employee of a company affiliated with the Producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the Producing Party or from the Court. If DESIGNATED MATERIAL is referred to during the course of a deposition in this action, or if any question asked, answer given, or answer about to be given contains or is reasonably likely to contain DESIGNATED MATERIAL, then, in the case of material designated "CONFIDENTIAL" any person who is not designated in Paragraph 5 above and is not the deponent, the deponent's counsel, the

reporter, or the videographer must leave the room during such portion of the deposition; in the case of material designated "RESTRICTED CONFIDENTIAL SOURCE CODE," any person who is not designated in paragraph 10(e) above and is not the deponent, the deponent's counsel, the reporter, or the videographer must leave the room during such portion of the deposition. This paragraph shall not be interpreted to authorize disclosure of DESIGNATED MATERIAL to any person to whom disclosure is prohibited by this Protective Order.

17.     Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY." Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" except for any portion (i) that any Party earlier designates as "RESTRICTED CONFIDENTIAL SOURCE CODE" or (ii) as to which all parties give prior written notice that such portion is not Protected Material or is only designated as CONFIDENTIAL .

18.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court, subject to any applicable rules and procedures of the Court and/or the assigned judge(s).  The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the

legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on DESIGNATED MATERIAL, such confidential portions shall, subject to the applicable rules and procedures of the Court and/or the assigned judge(s), be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

19. The Order applies to pretrial discovery. Any use of DESIGNATED MATERIAL at trial will be governed by a separate agreement or order. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial or trial order issued by this Court.

20. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained, as provided in this Order.

21.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

22.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

23.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," and/or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents, information or other material, in whole or in part, produced by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" in accordance with this Order. Where a third party designates any documents, information, or other material as provided herein, experts previously disclosed and approved hereunder prior to said third party's production of any Protected Material need not be disclosed to said third party. Subsequently disclosed experts need not be disclosed to said third party before that third party's Protected Material

may be disclosed thereto.

24.     If a Receiving Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" and/or "RESTRICTED CONFIDENTIAL SOURCE CODE" by a Producing Party or Third Party, the Receiving Party must:

(a)  promptly notify in writing the designating Party. Such notification shall include a copy of the subpoena or court order, and be provided to the designating Party at least 14 days in advance of any response or production deadline;

(b)  promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)  cooperate with respect to all reasonable procedures pursued by the designating Party whose Protected Material may be affected.

(d)  If the designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" and/or "RESTRICTED CONFIDENTIAL SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission. The designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material, and

nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

25.  Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the Producing Party's election either be returned to the Producing Party or be destroyed.  The Receiving Party shall verify the return or destruction by affidavit furnished to the Producing Party, upon the producing Party's request. Notwithstanding this provision, outside counsel may retain one set of pleadings, discovery responses, correspondence, expert reports, and attorney and consultant work product (but not document productions) for archival purposes, but must return (or destroy) any pleadings, correspondences, and consultant work product that contain Source Code. To the extent any archival copy permitted to be retained under this provision is retained by outside counsel, such copy remains subject to this Protective Order. This paragraph does not prevent a Party's outside counsel from preserving its attorney work product, including memoranda and notes, relating to this case, except for those specified above.

26.  The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

27.     Absent permission by the Producing Party, no Party may remove, or cause to be removed, Protected Information produced by another Party from the territorial boundaries of the United States of America or permit any person who is not a U.S. citizen, a lawful permanent resident of the U.S ("green card holder"), or an asylee or refugee legally admitted to the United States under the administration of U.S. citizenship and immigration services (USCIS) to review any such Protected Information. Without limitation, this prohibition extends to Protected Information (including copies) in physical and electronic form. The viewing of Protected Information through electronic means outside the territorial limits of the United States of America is similarly prohibited. Moreover, no specially designated national is permitted to review Protected Information in any manner whatsoever. The restrictions contained within this paragraph may be amended through the consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

28.     Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

29.     Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and

confidential nature of the documents, information or other material or its contents.

30.    Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

31.    Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon DESIGNATED MATERIAL, provided counsel does not disclose the DESIGNATED MATERIAL itself except as provided in this Order.

32.    Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL. Any person in possession of DESIGNATED MATERIAL will maintain appropriate administrative, technical, and organizational safeguards ("Safeguards") that protect the security and privacy of DESIGNATED MATERIAL. As part of these Safeguards, each person will take reasonable measures to protect DESIGNATED MATERIAL, including insuring that devices hosting such material are password protected.

**SIGNED this 1st day of May, 2025.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| CORNELL UNIVERSITY and CORNELL RESEARCH FOUNDATION, INC., | |
| Plaintiffs, | Case No. 2:25-cv-00054-JRG-RSP (Lead Case) |
| v. | |
| AT&T INC., *et al.*, | JURY TRIAL DEMANDED |
| Defendants. | |
| CORNELL UNIVERSITY and CORNELL RESEARCH FOUNDATION, INC., | Case No. 2:25-cv-00055-JRG-RSP (Member Case) |
| Plaintiffs, | |
| v. | JURY TRIAL DEMANDED |
| VERIZON COMMUNICATIONS INC., *et al.,* | |
| Defendants. | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER**

I,_____, declare that:

1.    My address is_____.

My current employer is_____.

My current occupation is_____.

2.    I have received a copy of the Protective Order in this action. I have carefully read and

understand the provisions of the Protective Order.

3.      I will comply with all of the provisions of the Protective Order, which includes terms providing that I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4.      Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____