**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| CORNELL UNIVERSITY, CORNELL RESEARCH FOUNDATION, INC., | § § | |
| v. | § § | CASE NO. 2:25-CV-00054-JRG-RSP (LEAD CASE) |
| AT&T INC., AT&T ENTERPRISES, LLC, ET. AL., | § § | |

**Pretrial Conference**
**MAG. JUDGE ROY PAYNE PRESIDING**
**August 12, 2026**

**OPEN: 9:01 a.m.** **ADJOURN: 2:28 p.m.**

| | |
|---|---|
| ATTORNEYS FOR PLAINTIFFS: | See attached. |
| ATTORNEYS FOR DEFENDANTS: | See attached. |
| LAW CLERK: | Robert Plafker |
| COURT REPORTER: | Shelly Holmes |
| COURTROOM DEPUTY: | Wendy Asbel |

Court opened. Case called. Andrea Fair introduced co-counsel and announced ready. Ted Stevenson introduced co-counsel and announced ready.

The Court provided instructions and housekeeping matters to the parties. This case is currently set for jury selection on the September docket. Judge Gilstrap has already identified the case on that docket and this case is not among them. The Court's goal is to have this case ready for trial on the next docket. An order of trials list will be sent out in the early part of September. Counsel will be notified as soon as possible.

The Court asked the parties to discuss which of the two consolidated cases should go first. Mr. Kramer responded on behalf of Plaintiffs. Mark Selwyn responded on behalf of Defendants. The Court directed the parties to meet and confer then file a joint notice that indicates an agreement, if there is one. If not, indicates what the position of each side is.

Each side will be allowed 10.5 hours for evidence. Mr. Stevenson argued why 12 hours would be needed. The Court will stick with the 10.5 hours for now.

The parties will have 30 minutes per side for *voir dire*. The parties will have four peremptory strikes each side. Eight jurors will be seated. The parties will have 30 minutes for opening

statements and 40 minutes for closing arguments. Opening statements are usually after lunch but counsel should be prepared to deliver those before lunch if time permits.

The Court asked if there were any disputes in the PTO before it's adopted. Ms. Glauser noted there were some outstanding objections to witness lists. Mr. Stevenson confirmed.

The pretrial orders in both the AT&T and Verizon matters were adopted.

The Court will be available in chambers by 7:30 a.m. every morning to take up any housekeeping matters or late arriving disputes. If there are trial disputes to be resolved, the parties shall notify the Court, via email to the law clerk assigned to the case, no later than 10:00 p.m., two nights before the day on which it is to be used. Three (3) jointly prepared three-ring binders with disputed information are to be delivered to the Court by 7:00 a.m. the following day.

The jury will report at 8:30 daily. Lunch is supplied to the jury, which means the lunch break will usually be about 45 minutes or so. Typically, the jury will be excused around 5:30 p.m. or 6:00 p.m., depending upon a stopping point with a particular witness. It is the Court's practice to hold all Rule 50(a) motions until the close of all evidence. There will be an informal charge conference (off the record) to look at the state of the proposed jury instructions, usually held at the close of all evidence

The Court instructed counsel not to refer to witnesses and others by their first names, and to advise their respective witnesses regarding same. The Court directed counsel to refer to the Court's Standing Order regarding the sealing of the courtroom regarding confidential or highly sensitive testimony. Experts should be held to the four corners of their reports. Chambers will send an email regarding expert reports.

Jury questionnaires were addressed. Ms. Fair requested that the questionnaire deadline be pushed back given the case will not be on the September docket. The Court directed the parties to submit the questionnaires to the jury administrator by September 4.

Counsel should review Judge Gilstrap's Standing Order regarding the use and confidentiality of jury information. The pretrial order provides the requirements regarding juror notebooks. Each notebook shall contain a sheet with a head-and-shoulders photo of each witness with the name only above the photo and lines for taking notes, a copy of the patent(s), the Court's claim construction chart, a 3-hole punched note pad and a non-clicking pen. Twelve (12) jury notebooks should be dropped off with the Court on the same day that the jury questionnaires are picked up. If it is a Monday jury selection, the questionnaires/notebooks will be available/due Thursday afternoon after lunch. If it is a Friday jury selection, it will be a Wednesday afternoon after lunch.

The Court set aside September 3 at 1:30p to hear *Daubert* motions that each side thinks are most important in the case. The parties were asked to rank the priority of their motions to strike or Daubert motions and file a joint notice by the 21st. Regarding the *Daubert* motion that are selected for argument, the parties were asked to provide the Court with two paper copies of the report of the experts (excluding appendices) that is at issue.

The Court asked for any objections regarding witnesses. Ms. Glauser argued for Plaintiffs. Mr. Barton responded for Defendants. The Court directed counsel to confer during the break to see if the parties are able to reach an agreement regarding the deposition of Mr. Atar.

Mr. Barton noted that the parties agreed that by August 31, they will exchange updated lists of witnesses that include identification of corporate representatives and a good faith identification of any will calls.

The Court heard argument regarding disputed MILs. Ms. Glauser and Mr. Kramer argued on behalf of Plaintiffs. Mr. Danford and Mr. Stevenson argued on behalf of Defendants. The Court made rulings as set forth in the record.

Recessed at 10:43 a.m.

Court reconvened. The Court continued hearing argument regarding disputed MILs. Mr. Kramer, Ms. Kasuboski, and Ms. Glauser continued argument on behalf of Plaintiffs. Mr. Barton, Mr. Selwyn, and Mr. Danford continued argument on behalf of Defendants. Mr. Kramer asked for the courtroom to be sealed. **(The courtroom was sealed at 11:40 a.m.)** The Court made rulings as set forth in the record.

Recessed at 11:53 a.m.

Court reconvened. The Court continued hearing argument regarding disputed MILs. Mr. Kramer continued argument on behalf of Plaintiffs. Mr. Selwyn continued argument on behalf of Defendants. The Court made rulings as set forth in the record. (**The courtroom was unsealed at 1:34 p.m.**)

Ms. Glauser updated the Court on the parties' agreement regarding the scheduling of the Apple representative. Mr. Selwyn confirmed the agreement.

The Court heard argument on the exhibits. Ms. Kasuboski and Ms. Glauser argued on behalf of Plaintiffs. Mr. Frist, Ms. Wroblewski, and Mr. Barton argued on behalf of Defendants. The Court noted that the email chart or bucket list will be attached to the minutes. The Court made rulings as set forth in the record.

Ms. Glauser argued Plaintiffs' Motion for Clarification of Protective Order, or in the Alternative, for Leave to Use Certain AT&T-Produced Documents in the Verizon Member Case **(Dkt. No. 142)**. Mr. Barton responded. The Court **DENIED** the motion for the reasons orally assigned.

Court adjourned.